817 F.2d 757
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Foster PRICE, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Defendant-Appellee.
 No. 86-3672.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1987.
 
 Before LIVELY, Chief Judge, and ENGEL and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and records, this panel unanimously agrees that oral argument is not necessary. Fed. R. App. P. 34(a).
 
 
 2
 The plaintiff, Foster Price, is a black male postal service employee employed at the Toledo post office. On July 8, 1982, Price brought an employment discrimination action against his employer, the United States Postal Service, pursuant to Title II of the Civil Rights Act of 1964, 42 U.S.C. Sec.2000(e). As a basis for his charge of employment discrimination, Price alleged that the defendant refused to promote him to the position of Injury Compensation Supervisor due to his race and retaliated against him after he filed an administrative complaint with EEOC. By agreement, jurisdiction was exercised by the magistrate who conducted an initial hearing on May 20, 1985. A second supplemental hearing was held July 29, 1985.
 
 
 3
 On July 7, 1986, the magistrate entered a memorandum and judgment dismissing the plaintiff's action on the merits. In so doing, the magistrate found that the plaintiff had failed to prove that defendant's reasons for promoting a white male employee were pretextual. The magistrate also found that the plaintiff failed to prove by a preponderance of the evidence that the defendant had retaliated against him.
 
 
 4
 We affirm the judgment of the district court. Findings of fact are not to be set aside unless determined to be "clearly erroneous." Rule 52(a), Federal Rules of Civil Procedure. A finding of fact is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).
 
 
 5
 A review of the transcripts and record involved does not create a firm conviction of mistake. Without reiterating the statements of every witness, the testimony of Alice Zawlocki and Steven Juhasz adequately supports the findings of the magistrate and refutes the plaintiff's asserted evidence of pretext. The heavy reliance of the magistrate upon credibility determinations regarding the various witnesses additionally makes reversal particularly inappropriate. As for the decision of the district court to reopen the case to receive additional evidence, no abuse of discretion resulted from this decision given the attempt of the plaintiff to introduce additional documentary evidence. Calage v. University of Tennessee, 544 F.2d 297, 301 (6th Cir. 1976).
 
 
 6
 Accordingly, the July 7, 1986 judgment of the district court is affirmed pursuant to Rule 9(b), Rules of the Sixth Circuit.